IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00797-BNB

RONALD HUTCHINSON,

    Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Ronald Hutchinson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling, Colorado, correctional facility. Mr. Hutchinson filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his 2003 conviction in Denver District Court case numbers 02CR1131 and 03CR2432.

On June 3, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 20, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period. On July 9, 2008, Mr. Hutchinson filed a Reply to the Pre-Answer Response.

The Court must construe liberally the amended habeas corpus application and Reply filed by Mr. Hutchinson because he is not represented by an attorney. *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application, and dismiss the action as barred by the one-year limitation period.

On September 15, 2003, Mr. Hutchinson pleaded guilty in No. 02CR1131 to one count of distribution of a schedule II controlled substance, and on December 11, 2003, was sentenced to twenty years in community corrections. Also on December 11, 2003, he pleaded guilty in No. 03CR2432 to one count of possession of a schedule II controlled substance, and on December 11, 2003, was sentenced to five years in community corrections, to be served consecutively to the sentence in 02CR1131. He did not appeal from his convictions.

On November 9, 2004, he filed a motion pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure in Denver District Court to vacate and correct his sentence in both Nos. 02CR1131 and 03CR2432. On January 7, 2005, the trial court granted the motion in No. 02CR1131, and reduced Mr. Hutchinson's sentence from twenty to sixteen years in community corrections. The sentence in No. 03CR2432 remained the same.

On July 19, 2005, Mr. Hutchinson filed another Colo. R. Crim. P. 35(a) motion in both Nos. 02CR1131 and 03CR2432. On July 27, 2005, the trial court was notified that Mr. Hutchinson failed to return to his community corrections facility on July 26, 2005, and that he remained at large.

On August 22, 2005, the trial court vacated his community corrections sentences in both Nos. 02CR1131 and 03CR2432, and resentenced him to twenty years in the DOC in No. 02CR1131 and to five years in the DOC in No. 03CR2432.

On November 26, 2005, Mr. Hutchinson filed a motion to correct his sentence pursuant to Colo. R. Crim. P. 35(c) in both Nos. 02CR1131 and 03CR2432. On January 18, 2006, the trial court granted the motion in No. 02CR1131, and reduced Mr. Hutchinson's prison sentence from twenty to sixteen years. The sentence in No. 03CR2432 remained the same. On February 10, 2006, the trial court denied his motion for reconsideration. On March 8, 2007, the Colorado Court of Appeals affirmed. *See People v. Hutchinson*, No. 06CA0385 (Colo. Ct. App. Mar. 8, 2007) (not published). On July 2, 2007, the Colorado Supreme Court denied certiorari review. On December 3, 2007, the United States Supreme Court denied certiorari review.

On April 9, 2008, Mr. Hutchinson's original application was received for filing in this Court. He appears to assert that the sixteen-year sentence he received in No. 02CR1131 violated the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Hutchinson had forty-five days to file a notice of appeal after he was resentenced on January 7, 2005. Mr. Hutchinson's convictions became final on February 21, 2005, forty-five days after the trial court granted the first Colo. R. Crim. P. 35(a) motion on January 7, 2005, in No. 02CR1131, and reduced his sentence from twenty to sixteen years in community corrections. Therefore, the one-year limitation period began to run on February 21, 2005, and Mr. Hutchinson had until February 21, 2006, to file a federal habeas corpus application in this Court, absent a reason to toll the one-year limitation period during the pendency of a properly filed motion for postconviction relief.

4

Respondents concede that the one-year limitation period was tolled while the postconviction motions that Mr. Hutchinson filed were pending in state court, and the Court agrees. Therefore, the period from July 19, 2005, to August 22, 2005, during which the second Colo. R. Crim. P. 35(a) motion was pending in state court before the court vacated Applicant's community corrections sentences, plus the period from August 23, 2005, to October 7, 2005, the forty-five days during which Mr. Hutchinson could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799 804 (10th Cir. 2000), *see also* Colo. App. R. 4(b), does not count against the one-year limitation period. Likewise, the period from November 26, 2005, to July 2, 2007, during which the trial court denied the Colo. R. Crim. P. 35(c) motion, the Colorado Court of Appeals affirmed, and the state supreme court denied certiorari review, does not count against the one-year limitation period. The limitation period was not tolled while Mr. Hutchinson sought certiorari review in the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1272 n.2 (10th Cir. 2001).

However, the 148 days after the judgment of conviction became final on February 21, 2005, and before the second Colo. R. Crim. P. 35(a) motion was filed on July 19, 2005, count against the one-year limitation period. In addition, the gap of 50 days from October 7, 2005, during which Mr. Hutchinson could have appealed from the August 22, 2005, vacation of his sentences, until November 26, 2005, when Mr. Hutchinson filed a Colo. R. Crim. P. 35(c) motion, counts against the one-year limitation period. Finally, the 282 days between July 2, 2007, when the state supreme court denied certiorari review of the Colo. R. Crim. P. 35(c) motion, and April 9, 2008, when

Mr. Hutchinson's habeas corpus application was received for filing in this Court, count against the one-year limitation period. As a result, the Court finds that a total of 480 days count against the one-year limitation period, and the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Hutchinson bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Hutchinson fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Hutchinson fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the amended habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 22 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00797-BNB

Ronald Hutchinson
Prisoner No. 75480
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

  I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **8/25/08**

            GREGORY C. LANGHAM, CLERK

           By: _____
                Deputy Clerk