IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00797-CMA-BNB

RONALD HUTCHINSON,

Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Doc. #6] (the "Application"), filed May 30, 2008, by Ronald Hutchinson (the "petitioner"). I respectfully RECOMMEND that the Application be DENIED.

## I.  THE LAW

The petitioner is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

This Court may review the petitioner's application for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application cannot be granted unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1).

If a petitioner exhausts his available state remedies, his application may be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. BACKGROUND

The Colorado Court of Appeals summarized the background facts of this case as follows:

> Defendant entered guilty pleas in two cases:
>
> 1. In case number 02CR1131, defendant pled guilty to distribution of a controlled substance, a class three felony under § 18-18-405(1), (2)(a)(I), C.R.S. 2006.
>
> 2. In case number 03CR2432, defendant pled guilty to possession of a controlled substance, a class four felony under § 18-18-404(1), (20(a), C.R.S. 2006.
>
> Defendant was sentenced to community corrections for these offenses.
>
> A few years later, defendant absconded from his community corrections facility. He was apprehended and resentenced as follows: (1) in 02CR1131, twenty years in prison, plus five years of mandatory parole; (2) in 03CR2432, five years in prison, plus three years of mandatory parole.
>
> Defendant filed a motion for postconviction relief, seeking to reduce his sentences. The trial court granted this motion in part: (1) in 02CR1131, the court reduced defendant's sentence to sixteen years in prison, plus five years of parole; (2) the court did not modify the sentence in 03CR2432.
>
> Defendant then filed a motion for reconsideration, seeking further reductions in his sentences. The trial court denied this motion, and defendant appealed.

*Pre-Answer Response*, Attachment 5, pp. 1-2.

The state appellate court affirmed the trial court's denial of the petitioner's motion. Id. at p. 4. The petitioner filed a petition for writ of certiorari with the Colorado Supreme Court. Id. at Attachment 6. The petition was denied on July 2, 2007. Id. at Attachment 7. The Mandate issued on July 6, 2007. Id. at Attachment 8.

The petitioner initiated this action on April 9, 2008 [Doc. #1]. On August 25, 2008, his Application was dismissed as barred by the statute of limitations [Doc. #13]. On appeal, the Tenth Circuit Court of Appeals reversed and remanded the case for consideration of the claims on their merits [Doc. #26].

The Application asserts two claims pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). *Reply in Response to Answer* [Docs. #39 and #40] (the "Reply"], pp. 6-8.[1] See also *Order and Judgment* [Doc. #26], pp. 1-2. The claims challenge his sentence in case number 02CR1131. *Pre-Answer Response*, Attachment 1, pp. 3-4, 5 and Attachment 5, p, 2. Claim One alleges that the imposition of the five year mandatory parole period placed his sentence in the aggravated range in violation of the Fifth, Sixth, and Fourteenth Amendments. *Application*, p. 6.[2] Claim Two alleges that the state court's application of Colorado's extraordinary risk statute increased his sentence by four years, placing it in the aggravated range in violation of the Fifth, Sixth, and Fourteenth Amendments. Id. at p. 7.[3]

---

[1]The petitioner's Reply has been filed twice [Docs. #39 and #40].

[2]I cite to the page numbers of the Application as they are assigned by the court's docketing system.

[3]In his Reply, the petitioner claims that he "was never advised of the fact that Distribution of a Schedule II controlled substance under section 18-18-405(1), (2)(a)(I), was classified as a crime that presented an 'Extraordinary Risk of Harm to Society'" and increased his sentencing range by four years. *Reply*, p. 7. Insofar as the petitioner is attempting to assert a

3

## III. ANALYSIS

The respondents concede that the Application is timely and that the petitioner has exhausted his claims. *Answer* [Doc. #36], pp. 7-10. Therefore, the Application can be granted only if the adjudication of the petitioner's claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In <u>Apprendi</u>, the Supreme Court invalidated a New Jersey hate-crime statute that permitted the sentencing judge to impose a sentence beyond the applicable statutory maximum based on a post-conviction judicial finding that the crime was committed "with a purpose to intimidate . . . because of race, color, gender, handicap, religion, sexual orientation or ethnicity." 520 U.S. at 468-69. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Id.</u> at 490.

In 2004, the Court applied the rule of <u>Apprendi</u> to invalidate a Washington State sentencing scheme which allowed the sentencing court to exceed the statutory maximum if the sentencing judge found a "substantial and compelling reason." <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The Court stated:

> Our precedents make clear . . . that the statutory maximum for <u>Apprendi</u> purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant statutory

---

claim other than those stated in the Application, I will not address claims raised for the first time in a reply brief.

maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

Id. at 303-04 (internal quotations and citations omitted) (emphasis in original).

The state appellate court denied the petitioner's claims as follows:

> Defendant contends that his sentence in 02CR1131 violates the principles set forth in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We disagree.
>
> Defendant was convicted of distribution of a controlled substance under § 18-18-405(1), (2)(a)(I). Because this is an extraordinary risk offense under § 18-1.3-401(10)(b)(XI), C.R.S. 2006, the maximum presumptive range sentence is increased from twelve to sixteen years. See § 18-1.3-401(10)(a)(V)(a), C.R.S. 2006 (presumptive maximum sentence for a class three felony is twelve years); § 18-1.3-401(10)(a), C.R.S. 2006 (for class three felony extraordinary risk offenses, the presumptive range is increased by four years).
>
> Because the extraordinary risk designation is an inherent part of the governing statutory scheme, any increase in the presumptive range flows automatically from the fact of conviction. Therefore, contrary to his assertion, defendant is not entitled to a jury determination on the issue of whether the offense posed an extraordinary risk of harm to society. See People v. Kendrick, 143 P.3d 1175, 1176 (Colo. App. 2006) (recognizing that the statutory "maximum" for purposes of analysis under Apprendi and Blakely, is increased by extraordinary risk provisions).
>
> Defendant also contends that his sentences violate Apprendi and Blakely because they contain terms of mandatory parole that, in combination with the terms of imprisonment, exceed the maximum presumptive range. We disagree.
>
> In People v. Kendrick, supra, a division of this court rejected an identical contention. It held that, for purposes of analysis under Apprendi and Blakely, the presumptive range includes "that portion of the sentence that subjects the defendant to incarceration or imprisonment," and does not include mandatory parole. People

> v. Kendrick, supra, 143 P.3d at 1177. We agree with the division's analysis in Kendrick and reject defendant's contention for the reasons stated in that opinion.
>
> The order is affirmed.

*Pre-Answer Response*, Attachment 5, pp. 2-4.

The state appellate court correctly distinguished the petitioner's case from Apprendi and Blakely. The petitioner pled guilty to distribution of a controlled substance, a class three felony under section 18-18-405(1), (2)(a)(I), C.R.S. 2006. Id; *Application*, p. 2. Pursuant to section 18-1.3-401(1)(a)(V)(A), C.R.S. , the presumptive sentencing range for most class 3 felonies is four to twelve years.

The presumptive sentencing range for the petitioner's crime, however, is found in section 18-1.3-401(10)(a), C.R.S., which provides:

> The general assembly hereby finds that certain crimes which are listed in paragraph (b) of this subsection (10) present an extraordinary risk of harm to society and therefore, in the interest of public safety, for such crimes which constitute class 3 felonies, the maximum sentence in the presumptive range shall be increased by four years; for such crimes which constitute class 4 felonies, the maximum sentence in the presumptive range shall be increased by two years; for such crimes which constitute class 5 felonies, the maximum sentence in the presumptive range shall be increased by one year; for such crimes which constitute class 6 felonies, the maximum sentence in the presumptive range shall be increased by six months.

Paragraph (b)(XI) of subsection (10) lists "[u]nlawful distribution, manufacturing, dispensing, sale, or possession of a controlled substance with the intent to sell, distribute, manufacture, or dispense, as defined in section 18-18-405"--the crime for which the petitioner pled guilty--as one of the crimes that presents an extraordinary risk of harm to society. Thus, the

6

presumptive range for the petitioner's crime is four to sixteen years with a five year mandatory period of parole.

The petitioner's sentence is not the result of any judicial determination of additional facts; it is the result of the General Assembly's determination that this crime should have a different presumptive range than other class 3 felonies and that the sentence shall include five years mandatory parole. Therefore, the state appellate court's decision is not contrary to, nor do it involve a unreasonable application of, federal law. Consequently, I find no basis to grant the Application.

### IV. CONCLUSION

I respectfully RECOMMEND that the Application be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 6, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge