IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-00797-CMA-BNB

RONALD HUTCHINSON,

      Petitioner,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER ADOPTING AND AFFIRMING APRIL 6, 2010 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the April 6, 2010 Recommendation by United

States Magistrate Judge Boyd N. Boland that Petitioner's Second Application for a Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied.  (Doc. # 6.)  Petitioner filed

his Objections on May 4, 2010.  In light of the Objections, the Court has conducted the

requisite *de novo* review of the issues, the Recommendation, and Petitioner's

Objections.  For the reasons stated below, the Court ADOPTS and AFFIRMS the

Magistrate Judge's Recommendation, and this case is DISMISSED WITH PREJUDICE.

## I.  BACKGROUND

The facts are detailed in the Magistrate Judge's Recommendation, which the

Court incorporates herein.  The Court will provide only a brief overview of the facts

and procedural history, and will expand on them, if necessary, within the analysis.

This case stems from sentences imposed on Petitioner in two state cases. In Criminal Action No. 02-CR-1131, Petitioner pleaded guilty to one count of distribution of a schedule II controlled substance, pursuant to Col. Rev. Stat. § 18-18-405(1), (2)(a)(I).  (Doc. # 10-2 at 3.)  On December 11, 2003, he was sentenced to a term of twenty years in community corrections.  (Doc. # 10-3 at 1.)

In a second case, case number 03CR2432, Petitioner pleaded guilty to one count of possession of a schedule II controlled substance, pursuant to C.R.S. § 18-18-405(1), (2)(a).  (Doc. # 10-2 at 3.)  On December 11, 2003, he was sentenced to a term of five years in community corrections, consecutive to the sentence in 02CR1131.  (*Id.*)

On November 9, 2004, Petitioner filed a motion in the Denver District Court to vacate and correct his sentence pursuant to Colo. R. Crim. P. 35(a) in each case.  (Doc. # 10-3 at 2.)  The motion was granted in 02CR1131 on January 7, 2005, and Petitioner's sentence was reduced from a twenty year term to a sixteen year term in community corrections.  (*Id.*)  His sentence in 03CR2432 remained the same because it was within the applicable presumptive range.[1]  (*Id.*)

---

[1]  Under the Colorado sentencing scheme, a trial court must impose a sentence within the applicable presumptive range for a felony offense unless it finds that extraordinary mitigating or aggravating facts are present.  *See People v. Leske*, 957 P.2d 1030, 1042-43 (Colo. 1998). Felony sentencing in Colorado is largely dictated by a complex scheme of interlocking statutes, premised upon the segregation of felony offenses into six levels or classes, each with its own presumptive sentencing range.  *See* C.R.S. § 18-1.3-401, 6 (2002). "Under various circumstances, courts are permitted to sentence convicted felons in a mitigated range, as little as half the minimum presumptive sentence, or in an aggravated range, as great as twice the maximum presumptive sentence." § 18-1.3-401(6).  "Courts may be limited to specified portions of the statutorily prescribed range for a given class of felony."  *Martinez v. People*, 69 P.3d 1029, 1031-32 (Colo. 2003).

On July 19, 2005, Petitioner filed another motion in the Denver District Court to vacate and correct his sentence pursuant to Colo. R. Crim. P. 35(a) in each case.  (*Id.*) On July 27, 2005, the Denver District Court was notified that Petitioner was absent from and failed to return to his community corrections facility.

On August 22, 2005, Petitioner's community corrections sentences (in each case) were vacated and he was re-sentenced to a term of twenty years in the Department of Corrections ("DOC") in 02CR1131 and a term of five years in the DOC in 03CR2432.  (*Id.*)  On November 26, 2005, Petitioner filed a motion to correct his sentence in each case.  (*Id.*)  The motion was granted in 02CR1131 on January 18, 2006, and Petitioner's prison sentence was reduced from a twenty year term to a sixteen year term.  Petitioner's sentence in 03CR2432 remained the same because it was already within the applicable presumptive range.  Petitioner filed a motion for reconsideration, which the trial court denied.

The Colorado Court of Appeals affirmed the trial court's denial of the Petitioner's motion because Petitioner's conviction in 02CR1131 was subject to the extraordinary risk sentencing statute,[2] which increased the applicable presumptive range by four years, permitting a maximum presumptive range sentence of sixteen years for a class three felony.  (Doc. # 10-5 at 2-3).  The court also rejected Petitioner's claim that the

---

[2]   Defendant was convicted of distribution of a controlled substance under § 18-18-405(1), (2)(a)(I).  Because this is an extraordinary risk offense under § 18-1.3-401(10)(a)(V)(a), C.R.S. 2006, the maximum presumptive range sentence is increased from twelve to sixteen years.  *See* § 18-1.3-401(10)(a)(V)(a), C.R.S. 2006 (presumptive maximum sentence for a class three felony is twelve years); § 18-1.3-401(10)(a), C.R.S. 2006 (for class three felony extraordinary risk offenses, the presumptive range is increased by four years).

addition of a five-year period of mandatory parole increased his sentence beyond the statutory presumptive maximum.  Petitioner re-raised both claims in his petition for writ of certiorari filed in the Colorado Supreme Court.  (Doc. # 10-6.)  The court denied that petition by written order on July 2, 2007.  (Doc. # 10-7.)  The mandate issued on July 6, 2007.  (Doc. # 10-8.)  Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied by written order dated December 3, 2007.  (Doc. # 10-9.)

The Petitioner initiated this action on April 9, 2008.  (Doc. # 1.)  On August 25, 2008, his application was dismissed as barred by the statute of limitations.  (Doc. # 13.)  On appeal, the Tenth Circuit Court of Appeals reversed and remanded the case for consideration of the claims on their merits.  (Doc. # 26.)

On June 3, 2009 this case was referred to a Magistrate Judge.  (Doc. # 32.)  On April 6, 2010, the Magistrate Judge recommended that Petitioner's application be denied.  (Doc. # 45 at 7.)  On May 4, 2010, Petitioner filed his Objections to Magistrate Judge Boland's Recommendation.  (Doc. # 49.)

## II.  STANDARD OF REVIEW

### A.     *PRO SE* PETITIONER

Plaintiff is proceeding *pro se.*  The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the plaintiff's *pro se* status does not entitle

4

him or her to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**B.       RECOMMENDATION OF MAGISTRATE JUDGE**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is properly made if it is both timely and specific.  *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is timely if made within 14 days after the magistrate judge issues his recommendation.  *Id.*  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed R. Civ. P. 72(b)(3).

**C.       STANDARD OF REVIEW FOR HABEAS PETITIONS UNDER 28 U.S.C. § 2254**

For the purposes of habeas review, federal courts are limited to determining if a conviction violated the Constitution, laws, or treaties of the United States.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Federal courts do "not review the judgment, but the

lawfulness of the [Petitioner's] custody simpliciter." *Coleman v. Thompson*, 501

U.S. 722, 730 (1991).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to all

federal habeas applications filed after AEDPA's effective date of April 24, 1996,

regardless of when the state proceedings occurred.  *See Trice v. Ward*, 196 F.3d 1151,

1158 (10th Cir. 1999) (citing *Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999)).

Under AEDPA, a petitioner is entitled to federal habeas relief only if he can establish

that the state court decision was "contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the United

States," or was "based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2) (1996).

As the Supreme Court stated:

> A state-court decision is contrary to . . . clearly established precedents if
> it applies a rule that contradicts the governing law set forth in [Supreme
> Court] cases, or if it confronts a set of facts that is materially indistinguish-
> able from a decision of [the Supreme] Court but reaches a different result.
> A state-court decision involves an unreasonable application of this Court's
> clearly established precedents if the state court applies this Court's
> precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (internal citations omitted); *see also Taylor*

*v. Workman*, 554 F.3d 879, 887 (10th Cir. 2009).

The first inquiry is whether clearly established federal law exists on the issue;

after this is established, the Court must determine whether the state court's application

of such law is objectively unreasonable.  *House v. Hatch*, 527 F.3d 1010, 1018 (10th

Cir. 2008).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.* at 411.  "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law."  *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006).  "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254."  *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2).  *See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002).  Section 2254(d)(2) allows a court to issue a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct, and the Petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  *Darks v. Mullin*, 327 F.3d 1001, 1007 (10th Cir. 2003).

The Court owes deference to the state court's result if the court reached the merits of the Petitioner's claim, even if the court did not analyze the claim under federal law.  *See Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir.1999).  Finally, if the state courts failed to adjudicate a federal claim raised by the Petitioner, the Court considers the claim *de novo* and the deferential AEDPA standard of review does not apply. *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

### III.  ANALYSIS

Petitioner asserts two claims pursuant to *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Blakely v. Washington,* 542 U.S. 296 (2004).  Petitioner first alleges that the state court's application of Colorado's extraordinary risk statute increased his sentence by four years, placing it in the aggravated range in violation of his Fifth, Sixth and Fourteenth Amendment rights.  Petitioner also alleges that the imposition of the five year mandatory parole period placed his sentence in the aggravated range in violation of his Fifth, Sixth and Fourteenth Amendment rights.

Magistrate Judge Boland recommends that the petition be denied because the CCA determination that Petitioner's sentencing was in accordance with *Apprendi* and *Blakely* was not contrary to, or an unreasonable application of, clearly established Supreme Court law nor did it result in a decision that was based on unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).

In *Apprendi*, the Supreme Court invalidated a New Jersey hate-crime statute that permitted the sentencing judge to impose a sentence beyond the applicable statutory maximum based on a post-conviction judicial finding that the crime was committed "with a purpose to intimidate . . . because of race, color, gender, handicap, religion, sexual orientation or ethnicity."  520 U.S. at 468-69.  The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Id.* at 490.  In 2004, the Court applied the rule of *Apprendi* to invalidate a Washington State sentencing scheme that allowed the sentencing court

to exceed the statutory maximum if the sentencing judge found a "substantial and compelling reason." *Blakely v. Washington,* 542 U.S. 296 (2004).

Under *Apprendi*, the "Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by the jury or admitted by the defendant." *Cunningham v. California*, 549 U.S. 270, 274 (2008) (citations omitted). "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (citation omitted).

## A. APPLICATION OF APPRENDI AND BLAKELY WAS NOT UNREASONABLE

In the instant case, the CCA correctly distinguished Petitioner's case from *Apprendi* and *Blakely.* Petitioner pleaded guilty in Case No. 02CR1131 for distribution of a controlled substance which, by operation of statute, made applicable to him an increased presumptive sentencing range for a class three felony. The CCA noted that the crime was not classified as an "extraordinary risk of harm" offense by the sentencing judge, but rather by the General Assembly. Colorado courts have consistently held that statutorily mandated increases in sentences, such as those found at C.R.S. § 18-1.3-401(10), the extraordinary risk statute, merely increase the presumptive range and do not create aggravated range sentences subject to the rule of *Apprendi* and *Blakely. See People v. Hogan,* 114 P.3d 42, 59 (Colo. App. 2004) ("Under *Apprendi* and *Blakely* the statutory maximum authorized by a jury verdict is the maximum in the presumptive range . . . unless . . . statutes are applicable that automatically increase the range of sentence for particular crimes.").

Magistrate Judge Boland concluded that this determination was not contrary to, or an unreasonable application of, established Supreme Court law under *Apprendi* and *Blakely* because Petitioner was not subjected to an enhanced sentence resulting from any judicial determination of additional facts.  Rather, Petitioner was subjected to the presumptive sentencing range for the crime to which he pleaded guilty.

Therefore, Petitioner's sentence in Case No. 02CR1131 was within the statutory presumptive sentencing range for the count of distribution of a schedule II controlled substance to which he pleaded guilty.  This Court agrees with Magistrate Judge Boland that the CCA determination was not contrary to, or an unreasonable application of, the established federal law.

## B.   WHETHER MANDATORY PAROLE EXCEEDS THE MAXIMUM PRESUMPTIVE RANGE

Petitioner's objection to Magistrate Judge Boland's Recommendation on the issue of mandatory parole essentially sets forth the same arguments he presented in his replies to the Response.  (Doc. ## 39 and 40.)  Petitioner also contends that *Apprendi* and *Blakely* are violated because, when the five year mandatory parole was added to his term of imprisonment, his combined sentence of imprisonment and mandatory parole in Case No. 02CR1131 exceeded the maximum sentencing presumptive range. (*See* Doc # 49 at 4-5.)

The Court rejects Petitioner's arguments for the reasons stated in *People v. Kendrick*, 143 P.3d 1175, 1177 (Colo. App. 2006) (presumptive range of penalties referred to in *Apprendi* and *Blakely* is only that portion of the sentence that subjects the defendant to incarceration or imprisonment and does not include mandatory parole).  As previously stated, Petitioner's sentence is not the result of any judicial determination of

10

additional facts; it is the result of the General Assembly's determination that this crime should have a different presumptive range than other class three felonies and that the sentence shall include five years mandatory parole.

Accordingly, the Court concludes that the CCA's decision is not contrary to, nor does it involve a unreasonable application of, federal law.  As such, Petitioner's sentence does not run afoul of *Apprendi* and *Blakely* and he is not entitled to habeas relief.

Accordingly, it is ORDERED:

1.      The recommendation of Magistrate Judge Boland (Doc. # 45.), issued April 6, 2010, is ACCEPTED.

2.      Petitioner Ronald Hutchinson's "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (Doc. # 6.) is DENIED.

3.      There is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  Applicant is not entitled to a certificate of appealability.

4.      This case is DISMISSED WITH PREJUDICE.

DATED:  January __04__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

11